IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAWRENCE RUPERT SMITH, | |
| Plaintiff | NO. 5:10-CV-24 (HL) |
| VS. | |
| WILLIAM TERRY, WARDEN, *et al.*, | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a motion filed by defendants Dr. Eni Nwabueze, Nurse Practitioner Frederick Rovner, Warden William Terry, Deputy Warden of Care and Treatment Mizell Davis, and Health Services Administrator Joan Newman seeking dismissal of the above-captioned action. Tab #18.[1] In this motion, the defendants contend that, prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Lawrence Rupert Smith failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). Following receipt of the motion, the undersigned ordered and directed the plaintiff to file a response thereto. Tab #25. The plaintiff has filed responses (Tab #24 and Tab #30) to which the defendants replied (Tab #27).[2] The motion to dismiss is now ripe for review.

---

[1] The undersigned is aware that, on April 5, 2010, the plaintiff filed a supplement to his complaint wherein he made further allegations concerning his medical claim as well as new claims involving due process and state law tort claims. Tab #17. In addition, the plaintiff sought therein to add Brian Owens, Sharon Lewis, and William Powell as defendants. In view of the fact that this three strike plaintiff has been allowed to proceed in this action only on the basis of his imminent danger medical deliberate indifference claim, and for reasons which will become apparent in this recommendation, the addition of these individuals and the plaintiff's new claims is unnecessary.

[2] The undersigned was cognizant that the plaintiff's response (Tab #24) to the instant motion seeking dismissal (Tab #18) was filed prior to the order directing him to file a response thereto (Tab #25). This observation notwithstanding, and out of an abundance of caution, the undersigned directed a response explaining the plaintiff's rights and responsibilities with regard to the motion. Thereafter, the plaintiff was given an opportunity to respond. Plaintiff timely filed a second response. Tab #30.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2010, plaintiff Smith filed this action alleging that the defendants refused to treat him for resulting pain, swelling, "locking up," and loss of function of his knee after an April 2009 surgery on his right patella. He contends that defendant Rovner prescribed ibuprofen, which was of no effect, and refused to order an x-ray of his knee or schedule an appointment with a specialist. According to plaintiff, defendants Terry, Davis, and Newman are liable because they failed to intervene and provide him with medical care. He asserts that defendants Nwabueze's and Rover's failure to provide him with follow up treatments and examinations and order physical therapy and an x-ray of his knee constitute actionable negligence. As a result of the above, the plaintiff requests compensatory and punitive damages, declaratory relief, an injunction, and appointed counsel.

In response to these assertions, the defendants filed the instant motion seeking dismissal. Therein, the defendants aver that the plaintiff failed to exhaust his available administrative remedies prior to filing the instant action. Consequently, and upon this assertion, they argue that this action should be dismissed.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that *before* an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

**DISCUSSION**

As noted above, the defendants seek dismissal of this action based on the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, and in addition to a supporting brief, the defendants submitted several other documents. These documents include the affidavit of Grievance Coordinator Patrice Hightower, applicable sections of the Georgia Department of Corrections Standard Operating Procedures, a record of the plaintiff's grievance and movement history, and copies of several grievances filed by the plaintiff.

Relying upon these documents, the defendants acknowledge that, on December 14, 2009, the plaintiff timely appealed the denial of his formal grievance concerning his medical claims to the Commissioner's office. They then observe that their administrative remedy procedure explicitly gives the Commissioner ninety (90) calendar days after receipt of an appeal in which to investigate and respond. Thus, the defendants correctly note that an inmate's claim is not fully exhausted until a timely response is issued or until the expiration of ninety (90) days, whichever comes first. Here, the defendants aver that, contrary to this provision, the plaintiff filed this action *prior* to receiving the Commissioner's timely response to his appeal. According to the defendants, the Commissioner's response was entered on March 1, 2010 and received by the plaintiff on March 16, 2010. As a result, the defendants reason that because the plaintiff's claims were not fully exhausted until after the action was filed, he failed to satisfy the PLRA's exhaustion requirement.

In response, plaintiff Smith declares that he did, in fact, fully exhaust his administrative remedies prior to filing this action. In support of this declaration, he points to copies of his informal grievance, formal grievance, appeal to the Commissioner, and the Commissioner's response thereto.[3] In particular, the plaintiff points to section on the Commissioner's response form whereupon the printed notation "DATE: 12/09" appears. Relying on this observation, and upon an assertion that he was verbally notified of the Commissioner's decision in December of 2009, the plaintiff avers that exhaustion is apparent.[4]

In reply to the plaintiff's response, and with regard to the date notation contained on the Commissioner's response, the defendants assert that it is incorrect and appears as a result of an inadvertent clerical error. To support this assertion, the defendants submitted documents and an affidavit indicating that the plaintiff's December 14, 2009 appeal was not received by the Commissioner's office and forwarded for review until January 8, 2010. The documents further indicate that, on February 25, 2010, a medical case manager/lead investigator recommended to the Commissioner that the appeal be denied.

---

[3] Copies of each of these documents have been submitted by the defendants and appear in the record.

[4] Interestingly, the plaintiff's initial 1983 complaint form notes that the appeal was filed but, despite the fact that the form calls for the information, does not indicate that the appeal was denied.

The denial of the plaintiff's appeal appears to have been officially entered on March 1, 2010, transmitted to and subsequently received by Inmate Affairs on March 3, 2010, and timely provided to the plaintiff on March 16, 2010. Based on the above, the defendants contend that plaintiff's assertions concerning exhaustion are untenable, untruthful, and entirely without merit. Consequently, and in view of the fact that the PLRA requires an inmate to properly exhaust his claims *prior* to filing suit, the defendants reaffirm their contention that this action should be dismissed. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Consequently, and in accordance with the legal standards set forth above, the undersigned cannot credit the plaintiff's assertion that he received a response to his final appeal prior to filing the instant action. For this reason, it appears that he failed to fully exhaust his administrative remedies. Accordingly, the undersigned **RECOMMENDS** that the defendants' motion seeking dismissal be **GRANTED** and that this case be **DISMISSED**.

Also before the court are the plaintiff's motions seeking a temporary restraining order and preliminary injunction. Tab #8. In view of the foregoing recommendation to dismiss this action, it would appear that these motion should be **DENIED** as moot. **IT IS SO RECOMMENDED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 15th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE