**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| LAWRENCE RUPERT SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-CV-24 (MTT) |
| ) | |
| WILLIAM TERRY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

This matter is before the Court on the Recommendation (Doc. 36) of United States Magistrate Judge Claude W. Hicks, Jr. The Magistrate Judge recommends granting the Defendants' Motion to Dismiss (Doc. 18) and, as a result, denying as moot the Plaintiff's motions seeking a temporary restraining order and preliminary injunction (Doc. 8). The Plaintiff has filed an objection to the Recommendation (Doc. 43). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that *before* an incarcerated plaintiff can bring an action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Even where the administrative procedures set forth by a prison are futile or inadequate, exhaustion of administrative remedies remains a precursor to a prisoner's filing a civil rights action. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Here, the Plaintiff appealed the denial of a formal grievance concerning his medical claims on December 14, 2009.  The administrative remedy procedure at issue explicitly gives the Commissioner ninety calendar days after receipt of an appeal in which to investigate and respond.  Thus, an inmate's claim is not fully exhausted until a timely response is issued or until the expiration of ninety days, whichever comes first.  The Plaintiff filed this lawsuit on January 14, 2010.  The denial of the Plaintiff's appeal appears to have been entered on March 1, 2010 and timely provided to the Plaintiff on March 16, 2010.  Therefore, because the Plaintiff filed this action *prior* to receiving the Commissioner's timely response to his appeal, the Plaintiff's claims were not fully exhausted until after the action was filed, and he failed to satisfy the PLRA's exhaustion requirement.

The Recommendation (Doc. 36) is adopted and made the order of this Court.  The Defendants' Motion to Dismiss (Doc. 18) is **GRANTED**, and this case is **DISMISSED**.  Also, in view of the Court's order dismissing this action, the Plaintiff's motions seeking a temporary restraining order and preliminary injunction (Doc. 8) are **DENIED** as moot.

SO ORDERED, this 21ST day of September, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT